UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

BRIAN L. BROWN,                    )
                                   )
         Petitioner,               )          Civil No. 10-301-GFVT
                                   )
V.                                 )
                                   )
ERIC WILSON,                       )          **MEMORANDUM OPINION**
                                   )                  **AND**
         Respondent.               )                **ORDER**

***** ***** ***** *****

Brian L. Brown is an inmate confined at the United States Penitentiary-McCreary in Pine

Knot, Kentucky.  Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 [R. 2], and the Court has waived payment of the filing fee.  [R. 4.]  The respondent has

filed his Response to the petition [R. 11], and Brown has filed his Reply to the Response.  [R.

13.]  The matter is therefore ripe for determination.

## I.

In 2001, Brown offered to take the ten year-old daughter of some friends in Kansas on an

overnight trip to Dallas.  While sleeping in the truck, the girl awoke to find Brown touching her

inappropriately, and she asked to be taken home.  Instead, Brown took her to a campground in

Arkansas where he sexually assaulted her.  A day later a local business owner became suspicious

and contacted police, who arrested Brown when they learned he had stolen the truck and

kidnaped the girl.  A medical examination of the girl revealed bruises on her face and body, and

semen identified as Brown's was found on her clothing.  *United States v. Brown*, 330 F.3d 1073,

1075 (8th Cir. 2002).

Following a jury trial in the Western District of Arkansas, on March 23, 2002, Brown was convicted of kidnaping and aggravated sexual abuse of a child under the age of twelve in violation of 18 U.S.C. § 1201(a)(1), 18 U.S.C. § 2241(c), and 18 U.S.C. § 2246(2)(A). On June 24, 2002, the district court sentenced Brown to two terms of life in prison to be served concurrently, to be followed by a five year term of supervised release. *United States v. Brown*, No. 4:01-CR-40019-001 (W.D. Ark. 2001). Brown's conviction and sentence were affirmed on direct appeal by the Eighth Circuit. *United States v. Brown*, 330 F.3d 1073 (8th Cir. 2002).

In his petition, Brown contends that (1) under the Federal Sentencing Guidelines his two life sentences should be calculated by the BOP as a 360-month term of incarceration, and (2) because the Supreme Court has found the Guidelines used to sentence him to be unconstitutional, his sentence is unconstitutional, and he must be resentenced. [R. 2 at 4, 5.] Respondent Wilson counters that under the Guidelines a term of life in prison is a term that continues during the natural life of the prisoner, rather than for a determinate number of years. Further, to the extent Brown contends that his sentence is unconstitutional, his claim must be presented to the sentencing court, and this Court lacks jurisdiction to entertain it. [R. 11 at 4, 6.]

## II.

First, the Court lacks jurisdiction to entertain Brown's challenge to the constitutionality or propriety of the trial court's sentence. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court that sentenced him. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under Section 2241

may only be used to challenge the manner in which prison officials are carrying out a sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Brown's second challenge is to the BOP's interpretation of the sentence imposed by the trial court's June 24, 2002, Judgment and Commitment Order, a matter squarely within the Court's habeas jurisdiction. That order provides that Brown "is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of life imprisonment on Counts 1 & 2, to run concurrently." [R. 11, Ex. A, Attach. 3.] The Guidelines provide that, unlike a sentence to a term of months, a sentence to "life imprisonment" at Offense Level 43 lasts for the defendant's lifetime, a duration of indeterminate length. U.S.S.G. Ch. 5, Pt. A., Application Note 1 ("'Life' means life imprisonment."); *United States v. Nelson*, 491 F.3d 344, 349 (7th Cir. 2007) ("a straightforward interpretation of the Guidelines requires a finding that the applicable guideline range for a mandatory minimum sentence of life *is* life, which can only be found at offense level 43."); *see also United States v. Irey*, 621 F.3d 1160 (11th Cir. 2010) (distinguishing between a term of years and a term of life in prison for sexual crimes involving children under Section 2241(c)).

Respondent is also correct that Brown's assertion - that his sentence of "life imprisonment" means a term of 360 months - is contrary to the express terms of the statutes under which he was convicted. 18 U.S.C. § 1201(a)(1) provides for "imprisonment for any term of years *or* for life" (emphasis added) for its violation; 18 U.S.C. § 2241(c) similarly requires a convicted defendant to be "imprisoned for not less than 30 years *or* for life.") (emphasis added). A conclusion that a term of "life" nonetheless means a term of years would render the distinction

expressly embodied in each provision meaningless, and courts construing these provisions have reinforced rather than diluted the distinction drawn by Congress through its use of the disjunctive "or" in both provisions. *See United States v. O'Driscoll*, 761 F.2d 589, 595, 597-99 (10th Cir. 1985) (under Section 1201(a), which permits sentencing court to impose either a term of "life" or "any term of years," district court's 300-year sentence did not and could not "exceed" a life sentence, which is a sentence of indeterminate length available in the disjunctive). The Court therefore concludes that Brown's challenge to the BOP's computation of his life sentence is without merit, and his petition will be denied.

Accordingly, **IT IS ORDERED** that:

1.      Brown's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2.      The Court will enter an appropriate judgment.

This the 13th day of January, 2011.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge